IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **SAY PROPERTIES, LLC,**<br>     **Plaintiff,**<br><br>     v.<br><br>**THE CINCINNATI INSURANCE COMPANY,**<br>     **Defendant.** | Civil Action No: |

## NOTICE OF REMOVAL

Defendant, The Cincinnati Insurance Company ("Cincinnati"), by and through its undersigned counsel, McAngus Goudelock & Courie LLC and Horst Krekstein & Runyon LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby notice removal of this action from the Superior Court of Gaston County, North Carolina to the United States District Court for the Western District of North Carolina, and respectfully submit the following to this Honorable Court:

**I.     BACKGROUND**

1.     This action relates to a property insurance claim presented for alleged damage to a commercial property located at 1328 Patterson Street, Monroe, North Carolina 28112, under a commercial property insurance policy issued by Cincinnati to Plaintiff, SAY Properties, LLC ("Plaintiff").

2.     On December 19, 2025, Plaintiff commenced this litigation through filing a Civil Summons and Complaint in the General Court of Justice for Gaston County, North Carolina which was docketed as Case No. 25CV007808-350. A true and correct copy of the Civil Summons and Complaint are collectively attached hereto as Exhibit "A".

3.     Cincinnati was served with the Summons and Complaint on December 23, 2025.

4. Plaintiff's Complaint consists of one cause of action against Cincinnati for Breach of Contract. *See* Exhibit "A".

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332

5. The United States District Courts hold original jurisdiction over, *inter alia*, all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and which are between citizens of different states. 28 U.S.C. § 1332(a)(1).

6. Any civil action brought in a state court over which the District Courts of the United States have original jurisdiction may be removed by the defendant to the District Court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

7. Cincinnati seeks to exercise its rights under the provisions of 28 U.S.C. § 1441, *et seq.*, to remove this action from the General Court of Justice for Gaston County, North Carolina, in which said action is now pending, to the United States District Court for the Western District of North Carolina, which embraces Gaston County.

### A. The Amount in Controversy exceeds $75,000

8. While Plaintiff's Complaint does not seek a specific amount of damages, Plaintiff alleges the Property sustained damages to the floors, walls, floor coverings, wallboards, structural components, personal property and equipment. *See* Exhibit "A" ¶ 21.

9. The Policy limits for property coverage under the "Commercial Property Coverage" is $1,148,751.00.

10. In the Breach of Contract cause of action, Plaintiff alleges contractual damages in excess of $25,000.00. *See* Exhibit "A" ¶ 31.

11. As part of the claim presentation, Plaintiff presented an estimate prepared by Syphard Construction Inc., dated January 9, 2023, for repairs to the Property, which totaled $202,934.51.

12. While Cincinnati does not concede that Plaintiff is entitled to relief, Plaintiff's alleged monetary damages exceed the jurisdictional minimum set forth in 28 U.S.C. § 1332(a)(1).

**B. There is Complete Diversity of Citizenship between Plaintiff and Defendant**

13. Plaintiff is a Limited Liability Company, *See* Exhibit "A" ¶ 1.

14. For purposes of establishing diversity jurisdiction, the citizenship of a limited liability company has the citizenship of each of its members. *See Capps v. Newmark S. Region, LLC,* 53 F.4th 299 (4th Cir. 2022).

15. Plaintiff's members are T.J. Solomon II and Solomon Enterprises, LLLP.

16. T.J. Solomon II resides at 3431 Clydesdale Drive, Gastonia, North Carolina 28056, and is a citizen of North Carolina.

17. For purposes of establishing diversity jurisdiction, the citizenship of a partnership has the citizenship of each of its members. *See Capps v. Newmark S. Region, LLC,* 53 F.4th 299 (4th Cir. 2022).

18. Solomon Enterprises, LLLP, is a limited liability limited partnership registered in the state of North Carolina, through which T.J. Solomon II owns and manages SAY Properties, LLC. T.J. Solomon II is the sole partner of Solomon Enterprises, LLLP, and is a citizen of North Carolina. Therefore, Solomon Enterprises, LLLP, is a citizen of North Carolina.

19. Plaintiff is a citizen of North Carolina. *See Capps*, *supra*.

20. At the time the Complaint was filed and continuing to the present, Cincinnati has been an insurance company organized and existing under the laws of the State of Ohio, with its principal place of business located at 6200 S. Gilmore Road, Fairfield, Ohio 45014.

21. Pursuant to 28 U.S.C. § 1332 (c)(1), The Cincinnati Insurance Company is a citizen of Ohio.

22. Plaintiff and Defendant are citizens of different states.

23. Pursuant to 28 U.S.C. § 1332(a)(1), there is complete diversity of citizenship.

24. This action is removable from the General Court of Justice for Gaston County, North Carolina to the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1441(a) because the citizenship of the parties is diverse and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

25. This Notice of Removal has been filed within thirty (30) days after receipt by Cincinnati of the Complaint, pursuant to 28 U.S.C. § 1446(b).

26. Pursuant to 28 U.S.C. § 1446(a), copies of all other documents filed and served in the litigation are collectively attached as Exhibit "B".

27. Written notice of the filing of this Notice of Removal will be sent forthwith to counsel of record for Plaintiff, William C. Robinson, Esquire.

28. A true and correct copy of this Notice of Removal will be filed with the Clerk for the General Court of Justice for Gaston County, North Carolina.

29. The undersigned represents Cincinnati in this action, which consents to this removal. There are no other defendants whose consent must be obtained relative to the same.

WHEREFORE, for the reasons set forth above, The Cincinnati Insurance Company hereby removes this action from the General Court of Justice for Gaston County, North Carolina to the United States District Court for the Western District of North Carolina.

Respectfully submitted,

**MCANGUS GOUDELOCK & COURIE LLC**

Dated: January 21, 2026      By: _____

Michael J. Vitale III
Bar No. 59458
Post Office Box 30307
Charlotte, North Carolina 28230
Michael.vitale@mgclaw.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record by electronic mail addressed as follows:

        Email: srobinson@reslawfirm.net
        William C. Robinson
        Bar No. 17584
        Robinson Gooding Law
        800 East Boulevard, Ste. 100
        Charlotte, North Carolina 28203
        Attorney for Plaintiff

        Email: cmalosiecki@hkr.law
        Cody Malosiecki
        Horst Krekstein & Runyon LLC
        610 W. Germantown Pike
        Suite 350
        Plymouth Meeting, Pennsylvania 19462
        Attorney for Defendant

This the 21st day of January, 2026.

*/s/ Michael J. Vitale III*

_____
MICHAEL J. VITALE III